## Troopin *v.* Cohen, Appellant.

*Real estate—Agreement of sale—Expiration on Sunday—Dies non—Right to complete day following.*

Where an agreement of the sale of real estate was extended to a date "Thirty additional days from the 29th of January, 1922, on the payment of $200 additional deposit," which fell upon a Sunday, the rights under the agreement could be exercised on the following day. Where the parties themselves definitely fixed the day which closed the time, to which an extension could be made, and that day fell on a Sunday, the day following took its place.

Argued December 12, 1924. Appeal, No. 295, Oct. T., 1924, by defendant, from judgment of the Municipal Court of Philadelphia, March T., 1922, No. 41, on verdict for plaintiff in the case of Abe Troopin v. Joseph Cohen. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover deposit paid on agreement for the sale of real estate. Before LEWIS, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $350 and judgment thereon. Defendant appealed.

*Error assigned* was, among others, refusal of defendant's motion for judgment non obstante veredicto.

*James Yearsley,* and with him *Illoway & Felix,* for appellant.

*David L. Ullman,* and with him *Samuel Gordon,* for appellee.

OPINION BY TREXLER, J., February 27, 1925:

Plaintiff brought suit for the recovery of a deposit of $300 paid by him to the defendant on an agreement, dated November 29, 1921, for the sale of real estate. The part of the agreement which we are asked to construe reads as follows: "And the said parties hereby bind themselves, their heirs, executors and administrators, for the faithful performance of the above agreement within sixty days from the date hereof, said time to be the essence of this agreement, unless extended by mutual consent in writing endorsed hereon." Following this printed clause there appears in typewriting, "Time for settlement can be extended thirty additional days from the 29th day of January, 1922 on the payment of $200 additional deposit to be applied to the purchase price." January 29, 1922, fell on a Sunday. On the day following, January 30th, plaintiff came and tendered the $200 additional deposit to be applied to the purchase money with the purpose that the time for settlement be extended thirty additional days from January 29, 1922, as provided in the latter part of the above quoted clause. This tender was refused. The appellant claims that it was too late, that the sixty days within which the agreement was to be performed expired January 28th, using the recognized rule of excluding the first and including the last day. The appellee argues that since the 29th day of January fixed under the agreement as the last day of the time limit for the payment of the additional deposit was Sunday, he had all of Monday in which to make the deposit. We think the lower court was right in adopting plaintiff's view. We are not concerned as to whether sixty days from the date of the agreement, to wit, No-

vember 29, 1921, expired prior to the 29th day of January. The parties who made the agreement definitely stated that the 29th day of January was the time from which the thirty additional days were to be reckoned and evidently in their mind they thought the sixty days expired on that date. They made their own reckoning and they are bound by it. Sunday the 29th of January being dies non, under the familiar rule of law, plaintiff had the next day to make the deposit if he so desired. If he had made the tender on Sunday the defendant would not have been required to take it. His alternative was to wait until Monday. Even if the contract admits of the construction put upon it by the appellant, we would prefer to adopt an interpretation that would avoid a forfeiture, but as we view it the parties themselves definitely fixed the day which closed the time on which an extension could be had, and that falling on Sunday, the day following took its place.

The judgment of the lower court is affirmed.